**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 08-4588 |
| JMY LLC, | ) | |
|       Debtor. | ) | The Honorable John H. Squires |
| | ) | |
| | ) | Hearing Date:   March 13, 2008 at 9:30 a.m. |

**NOTICE OF MOTION**

TO:   SEE ATTACHED SERVICE LIST

    **PLEASE TAKE NOTICE** that on March 13, 2008 at 9:30 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable John H. Squires, or any judge sitting in his stead, in courtroom 680, at the United States Courthouse located at 219 South Dearborn Street, Chicago, Illinois 60604, and shall then and there present the **DEBTOR'S MOTION PURSUANT TO SECTIONS 105(A) AND 366 OF THE BANKRUPTCY CODE FOR ENTRY OF INTERIM AND FINAL ORDERS (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE, (II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT,** a copy of which is attached hereto and herewith served upon you.

Dated: March 6, 2008

                                                      JMY LLC

                                                      By:   /s/ David W. Baddley
                                                            One of its Attorneys

Matthew T. Gensburg (ARDC No. 6187247)
David W. Baddley (ARDC No. 6282466)
Greenberg, Traurig, LLP
77 W. Wacker Dr., Suite 2500
Chicago, Illinois 60601
(312) 456-8400 (telephone)
(312) 456-8435 (facsimile)

*CHI 57,037,752v2 3/6/2008*

## CERTIFICATE OF SERVICE

    I, David W. Baddley, an attorney, hereby certify that on March 6, 2008, I caused a complete and accurate copy of the **DEBTOR'S MOTION PURSUANT TO SECTIONS 105(A) AND 366 OF THE BANKRUPTCY CODE FOR ENTRY OF INTERIM AND FINAL ORDERS (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE, (II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT,** to be electronically filed and served via this Court's ECF System and delivered by United States mail to the parties identified on the Service List below my electronic signature.

                                                     /s/ David W. Baddley
                                                     Davis W. Baddley

## GENERAL SERVICE LIST

**William T Neary**
Office of the U.S. Trustee, Region 11
227 W. Monroe Street, Suite 3350
Chicago, IL 60606
(Via ECF and US Mail)

Illinois Department of Revenue
Bankruptcy Section, Level 7-425
100 W Randolph St
Chicago, IL 60106

Anderson Elevator Co.
South West Industries, Inc.
2801 South 19th Avenue
Broadview, IL  60155

Flatiron Capital Corp.
950 17th Street, Suite 1300
Denver, CO  80202

JP Morgan Chase
Commercial Card Solutions
P.O. Box 2015
Mail Suite IL1-6225
Chicago, IL  60673-7761

**Kennedy & Graven**
470 U.S. Bank Plaza
200 South Sixth Street
Minneapolis, MN 55402
(Counsel for Dougherty Funding LLC)

Illinois Department of Employment Security
Bankruptcy Unit, 3rd Floor
401 S. State Street
Chicago, IL 60605

Internal Revenue Service
Centralized Insolvency Operations
PO Box 21126
Philadelphia, PA 19114

Bradley A. Van Auken
1011 E. North Path
Wheaton, IL  60187

Krasnow Saunders Cornblath, LLP
500 N. Dearborn Street, 2nd Floor
Chicago, IL  60610

Dougherty Funding  LLC
90 So. 6th Street, Suite 4900
Minneapolis, MN 55402

Kenneth A. Latimer
**Duane Morris**
227 West Monroe Street, Suite 3400
Chicago, IL 606066
(Counsel to Forman Financial of Sheridan, LLC)

**Brett Forman and Kyle Early**
Forman Financial of Sheridan LLC
c/o Triple F Funding, LLC
75 NE 6th Ave., Suite 101
Delray Beach, FL  33483

Timothy J. Patenode, Esq.
Michael Summerhill, Esq.
**Katten Muchin Rosenman LLP**
525 West Monroe Street
Chicago, Illinois 60661-3693

Justin M. Penn, Esq.
**Hinshaw Culbertson, LLP**
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601

West Argyle, LLC
5050 N. Sheridan Road
Chicago, IL  60640

## UTILITIES
Served by US Mail

Peoples Energy
Account #9-5000-2582-8958)
Chicago, IL 60687
Contact: Customer Service

Verizon Wireless
Account #: 985302816-0001
P.O. Box 553
Warrendale, PA  15086-0553
Contact: Customer Service

Com Ed
Bill Payment Center
Chicago, IL  60668-0001
Contact: Customer Service

City of Chicago
Department of Water Management
P.O. Box 6330
Chicago, IL 60680-6330

AT&T
Account # 773 764-6475 196 2
P.O. Box 8100
Aurora, IL  60507-8100
Contact: Customer Service

Tri-State Disposal Inc.
Account #: a/c 5365-004)
P.O. Box 627
Blue Island, IL  60406-0627
Contact: Kathy (Customer Service)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JMY LLC, | ) | Case No. 08-4588 |
| Debtor. | ) | |
| | ) | The Honorable John H. Squires |
| | ) | |

**DEBTOR'S MOTION PURSUANT TO SECTIONS 105(A) AND 366 OF THE BANKRUPTCY CODE FOR ENTRY OF INTERIM AND FINAL ORDERS (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE, (II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT**

The above-captioned debtor and debtor-in-possession (the "**Debtor**") hereby moves the Court (the "**Motion**") for entry of an order pursuant to sections 105(a) and 366 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"): for an interim order (the "**Interim Order**") and a final order (the "**Final Order**"): (i) prohibiting the Utility Companies (as defined below) from altering, refusing or discontinuing services to, or discriminating against, the Debtor on account of pre-petition invoices; (ii) deeming the Utility Companies to be adequately assured of payment on the basis of the Proposed Adequate Assurance (as defined below); and (iii) establishing procedures for resolving requests for additional assurance of payment. In support of this Motion, the Debtor respectfully states as follows:

**Jurisdiction And Venue**

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2).

2.     Venue of these proceedings and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The predicates for the relief requested herein are sections 105(a) and 366 of the Bankruptcy Code.

## Background

4.     On February 28, 2008 (the "**Petition Date**"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 the Bankruptcy Code.

5.     The Debtor owns and operates a 78 unit apartment building known as the Corridor Building (the "**Property**"). The Debtor has continued in the possession of its property as debtor and debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.     No request for a trustee or examiner has been made and no creditors' committee has been appointed in this case.

7.     The factual background section relating to the Debtor's commencement of this chapter 11 case is more fully set forth in the Affidavit of Frank Pons (the "**Pons Affidavit**") filed contemporaneously with this Motion and incorporated herein by reference.

## The Utility Companies

8.     In connection with the operation and management of the Property, the Debtor obtains electricity, gas, water, telephone services and/or other similar services (collectively, the "**Utility Services**") from a number of utility companies (collectively, the "**Utility Companies**," each a "**Utility Company**"), including those listed on **Exhibit A** hereto.[1]  Prior to the Petition

---

[1]     Although the Debtor has exercised its best efforts to list all of their Utility Companies in **Exhibit A**, it is possible that certain Utility Companies may have been omitted from this list inadvertently. Accordingly, the Debtor reserves the right, pursuant to the terms and conditions of this Motion and without further order of the Court, to

Date, the Debtor spent approximately $70,743 annually for various utility services, with an average monthly cost of approximately $5,895.25 over the last twelve months ending January 31, 2008.

### Relief Requested

9. By this Motion, the Debtor seeks entry of an Interim Order, in the form attached hereto as **Exhibit B**, and a Final Order, in the form attached hereto as **Exhibit C**: (i) prohibiting the Utility Companies from discontinuing, altering or refusing service to the Debtor except as set forth herein; (ii) deeming the Utility Companies to be adequately assured of payment on the basis of the Proposed Adequate Assurance; and (iii) establishing procedures for resolving requests for additional assurance of payment.

### Basis For Relief

10. Uninterrupted utility services are essential to the Debtor's ongoing operation and maintenance of the Property and, therefore, to the success of its reorganization efforts. If one or more of the Utility Companies refused to provide or discontinued services even for a brief period, the Debtor's operations would be severely disrupted. Such an interruption would damage the Debtor's business, to the detriment of its estate and its creditors. It is critical, therefore, that the Utility Companies continue to provide Utility Services to the Debtor without interruption. Thus, in accordance with section 366(c)(1)(A) of the Bankruptcy Code, the Debtor proposes to provide adequate assurance of payment in the form of a two week cash deposit with each Utility Company as more fully set forth herein.

---

amend **Exhibit A** to add any Utility Companies that inadvertently were omitted therefrom. The Debtor reserves the right to argue that any of the entities now or hereinafter listed in **Exhibit A** are not "utilities" within the meaning of section 366(a) of the Bankruptcy Code. The inclusion of any entity on, as well as any omission of any entity from, **Exhibit A** is not an admission by the Debtor that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtor reserves all rights with respect thereto.

*CHI 57,037,752v2 3/6/2008*     3

11. The Debtor intends to pay all post-petition obligations owed to the Utility Companies in a timely manner. Moreover, the Debtor expects that the Debtor's use of cash collateral will be more than sufficient to pay all post-petition utility obligations. Nevertheless, the Debtor proposes to provide a deposit (each an "**Adequate Assurance Deposit**" and, collectively, the "**Adequate Assurance Deposits**") within five business days of the first day hearing (the "**First Day Hearing**"), to each Utility Company, equal to two weeks of such Utility Company's service, calculated as a historical average over the past twelve months, as interim adequate assurance; *provided* that such Utility Company does not already hold a pre-petition deposit equal to or greater than two weeks of such Utility Company's utility services provided to the Debtor; and *provided further* that such Utility Company is not currently paid in advance for its services. The Debtor submits that the Adequate Assurance Deposits, any pre-petition deposits or advanced payments paid to the Utility Companies, in conjunction with the Debtor's ability to pay for future utility services in the ordinary course of business (collectively, the "**Proposed Adequate Assurance**"), constitute sufficient assurance of payment to the Utility Companies.

12. The Debtor proposes that, as a condition of accepting the Proposed Adequate Assurance, the requesting Utility Company be deemed to have stipulated that the Proposed Adequate Assurance constitutes adequate assurance of future payment to such Utility Company within the meaning of section 366 of the Bankruptcy Code, and further be deemed to have waived any right to seek additional adequate assurance during this chapter 11 case, unless the Utility Company makes an Additional Payment Request (as defined below). Furthermore, the Utility Company will be required to return the Adequate Assurance Deposit within fifteen days of the effective date of any confirmed chapter 11 plan.

13. The Debtor seeks to establish procedures by which a Utility Company may request additional assurance of payment in the event that it believes that the Proposed Adequate Assurance does not provide it with satisfactory adequate assurance of payment. The Debtor submits that the following proposed procedures (the "**Adequate Assurance Procedures**") are reasonable:

(a) Absent any further order of the Court and except as otherwise provided herein, Utility Companies would not be able to alter, refuse or discontinue service to, or discriminate against, the Debtor on account of the commencement of this Case or any unpaid pre-petition charges, and also would not be permitted to request payment of a deposit or receipt of other security in connection with any unpaid pre-petition charges;

(b) The Debtor would serve the Motion and the Interim Order, if granted by the Court, via first class mail, within five business days after the date that the Interim Order is entered by the Court, on each of the Utility Companies identified on **Exhibit A** attached hereto. In the event that any Utility Company inadvertently has been omitted from Exhibit A, the Debtor, upon discovery of such omission, would file with the Court an amended Exhibit A (the "**Amended Exhibit**") adding the name of each inadvertently omitted and subsequently discovered Utility Company (the "**Added Utility Companies**"), and would promptly serve on each Added Utility Company the Motion, the Amended Exhibit and the Interim Order or, if it has been entered, the Final Order (each such service, a "**Supplemental Service**");

(c) Any Utility Company would be able to submit a request for additional assurance of payment (an **"Additional Payment Request"**) by submitting the request to counsel to the Debtor, Greenberg Traurig, LLP, 77 West Wacker Drive, Suite 2500, Chicago, Illinois 60601, Attention: David W. Baddley, Esq.;

(d) Any Additional Payment Request must be in writing and: (i) set forth the location for which utility services are provided; (ii) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits or other prepayments or assurances previously provided by the Debtor; (iii) describe in sufficient detail the reason(s) why the treatment afforded pursuant to the procedures set forth herein would not constitute satisfactory adequate assurance of payment; and (iv) include a proposal for what treatment would constitute adequate

assurance of payment from the Debtor along with an explanation of why such proposal is reasonable;

(e) If a Utility Company were to make an Additional Payment Request that the Debtor believed was reasonable, the Debtor would be authorized to comply, in its sole discretion, with such request without further order of the Court;

(f) If the Debtor were to believe that a Utility Company's Additional Payment Request was unreasonable, the Debtor shall within 30 days after the submission of the Additional Payment Request, file a motion pursuant to section 366(c)(2) of the Bankruptcy Code, seeking a determination from the Court that the Adequate Assurance Deposit, plus any additional consideration offered by the Debtor, constitutes adequate assurance of payment (the "**Determination Hearing**") to determine whether additional assurance of payment to such Utility Company was necessary;

(g) Pending resolution of a Utility Company's Additional Payment Request at a Determination Hearing, such Utility Company would be prohibited from altering, refusing or discontinuing service to the Debtor or discriminating against the Debtor on account of the commencement of this chapter 11 case or any unpaid pre-petition charges;

(h) Based on the establishment of the Proposed Adequate Assurance, a Utility Company would be deemed to have adequate assurance of payment unless and until a future order of the Court were entered requiring further assurance of payment.

**Applicable Authority**

14. The Court has the authority to grant the relief requested herein pursuant to sections 105(a) and 366 of the Bankruptcy Code. Section 366 of the Bankruptcy Code is designed to protect Debtor from being cut off from utility services while also providing utility companies with adequate assurance that Debtor will be able to pay for post-petition services. *See* H.R. Rep. No. 95-595, at 350 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 5963, 6306. That section sets forth three time periods governing the rights of Debtor and utility companies in a chapter 11 case: (i) a utility company may not alter, refuse or discontinue utility services during the first 20 days of the case solely on the basis of the bankruptcy filing or because of unpaid pre-

petition amounts; (ii) a utility company may do so thereafter unless the debtor has furnished the utility with adequate assurance of payment (which the Debtor seeks to provide through this Motion), in the form of a deposit or otherwise, for post-petition services, and (iii) a utility company may alter, refuse or discontinue utility services on or after the 31st day of the case unless the debtor, within 30 days after the petition date, has furnished the utility company with adequate assurance of payment for post-petition services that is satisfactory to the utility company (which the Debtor also seek to provide through this Motion). See 11 U.S.C. § 366.

15. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") added to the Bankruptcy Code section 366(c)(1)(A), which defines the "assurance of payment" that must be satisfactory to a utility company to mean: "(i) a cash deposit; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (v) a prepayment of utility consumption; or (vi) another form of security that is mutually agreed on between the utility and the debtor or the trustee." 11 U.S.C. § 366(c)(a)(A). Although the statute now specifies the form of assurance that may be demanded by a utility company, it leaves open the question of the amount of assurance that must be provided.

16. Determination of the assurance that will be deemed adequate during the period between the 21st and 31st days following the Petition Date (during which period a utility company's ability to discontinue service is not contingent upon its satisfaction with the proffered assurance) remains within the court's discretion, consistent with pre-amendment case law, under which courts generally looked to the facts and circumstances of each case to ensure that utility companies were not subjected to an unreasonable risk of nonpayment for post-petition services.

17. Utility companies are required to bargain in good faith with respect to satisfactory assurance of payment to be provided in order to prevent them from altering, refusing or

*CHI 57,037,752v2 3/6/2008*                                7

discontinuing service on or after the 31st day of the chapter 11 case. Although the statute does not define "satisfactory," courts and commentators have opined that the requirement that the utility company be satisfied with the adequate assurance of payment does not give the utility unfettered power to make unreasonable demands upon the debtor, but, instead, should "be read to require a utility to bargain in good faith with the trustee or debtor in possession before electing to discontinue service thereafter." *In re Lucre, Inc.* 333 B.R. 151, 154, (Bankr. W.D. Mich. 2005). *See also* Bertrand Pan & Jennifer Taylor, *Sustaining Power: Applying 11 U.S.C. §366 in Chapter 11 Post-BAPCPA*, 22 Bankr. Dev. J. 371, 382, 389 (2006) (stating that Congress's intent could not have been to allow a utility unfettered discretion in determining what constitutes a satisfactory assurance of payment, because such an interpretation would be "completely inconsistent with the purpose of 366," and that "reading 366(c) to require a utility to negotiate in good faith […] would enable courts to give utilities deference in the negotiating process, but also prevent utilities from refusing to negotiate or making unreasonable demands in the negotiation process"). The Debtor proposes the Adequate Assurance Procedures as a mechanism to facilitate good faith bargaining between the Debtor and the Utility Companies, as a means to ensure that the determination of whether adequate assurance is satisfactory to the Utility Companies is balanced and reasonable.

18. As set forth above, if the Utility Companies are permitted to terminate Utility Services, a substantial disruption to the Debtor's operations will occur, and the Debtor's business will be harmed, possibly irreparably. Moreover, absent an organized procedure for addressing Utility Company demands for adequate protection, if faced with imminent termination of utility services, the Debtor, to avoid the cessation of essential utility services, would be forced to pay whatever amounts the Utility Companies demanded.

19.  An additional basis of granting the relief requested herein can be found in section 105(a) of the Bankruptcy Code.  Under section 105(a), the court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).  The purpose of section 105(a) is "to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction.  2 *Collier on Bankruptcy* ¶105.01, at 105-6 (15th ed. rev. 2004).

20.  The Debtor submits that the Court should use its section 105(a) powers in this case because the relief requested herein is necessary because the Debtor could face a severe cash drain if the Utility Companies were to condition the provision of post-petition services to the Debtor upon the payment of exorbitantly burdensome or unreasonable deposits or other forms of adequate assurance of payment.  The orderly process contemplated by the procedures set forth herein will eliminate such a situation, and thereby enable the Debtor to make a smooth transition into chapter 11, while ensuring a fair process for providing adequate assurance of payment to the Utility Companies to the extent legally required.

Procedures similar to those detailed herein have been approved by bankruptcy courts in this District under the standards set forth by Congress in BAPCPA. See *In re Chicago Athletic Association* (Wedoff), Bankr. Case No. 07-10486, filed 6/12/2007 [Motion Docket No. 8; Order entered 7/24/2007, Docket No. 69]; *In re Select Snacks, Inc.* (Hollis), Bankr. Case No. 07-18769, [Motion Docket No. 18; Order entered 10/18/2007, Docket No. 65]; *In re The Wireless Network LLC* (Sonderby), Case No. 07-20518, [Motion Docket No. 27; Order entered 11/27/2007, Docket No. 67]; and *In re InGear Corporation* (Hollis), Bankr. Case No. 08-2824 [Motion Docket No. 19; Order entered 2/19/2008, Docket No. 26].  Accordingly, the Debtor believes that the proposed procedures should be approved.

**No Prior Request**

21. The Debtor has not previously sought the relief requested herein from this or any other Court.

**Notice**

22. Notice of this Motion was provided to (i) the Office of the United States Trustee; (ii) the Debtor's pre-petition lender; (iii) each of the Debtor's ten largest creditors; and (iv) each of the Utility Companies. In light of the nature of the relief requested, the Debtor submits that no further notice is required.

**WHEREFORE**, the Debtor requests entry of an order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief the Court deems just and proper.

Date: March 6, 2008　　　　　　　　　　　GREENBERG TRAURIG, LLP
　　　　Chicago, Illinois

　　　　　　　　　　　　　　　　　　　　　　By:　/s/ David W. Baddley
　　　　　　　　　　　　　　　　　　　　　　　　David W Baddley
　　　　　　　　　　　　　　　　　　　　　　　　Greenberg Traurig LLP
　　　　　　　　　　　　　　　　　　　　　　　　77 West Wacker Drive
　　　　　　　　　　　　　　　　　　　　　　　　Suite 2500
　　　　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60601
　　　　　　　　　　　　　　　　　　　　　　　　312 456-8400
　　　　　　　　　　　　　　　　　　　　　　　　Fax : 312 456-8435
　　　　　　　　　　　　　　　　　　　　　　　　Email: baddleyd@gtlaw.com

　　　　　　　　　　　　　　　　　　　　　　　　Proposed Counsel for the Debtor and
　　　　　　　　　　　　　　　　　　　　　　　　Debtor in Possession