IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JMY LLC, | ) | Case No. 08-4588 |
| | ) | |
| Debtor. | ) | The Honorable John H. Squires |
| | ) | |

**INTERIM ORDER UNDER SECTION 366 OF THE BANKRUPTCY CODE (A) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE, (B) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (C) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT**

Upon the motion (the "**Motion**")[1] filed by the above-captioned debtor and debtor-in-possession (the "**Debtor**") for entry of for entry of a Interim Order (this "**Interim Order**") and a final order (the "**Final Order**") pursuant to sections 105(a) and 366 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"): (i) prohibiting the utility companies listed on Exhibit A to the Motion (the "**Utility Companies**") from altering, refusing or discontinuing services to, or discriminating against, the Debtor on account of pre-petition invoices; (ii) deeming the utility companies to be adequately assured of payment on the basis of the Proposed Adequate Assurance; and (iii) establishing procedures for resolving requests for additional assurance of payment; and upon the Frank Ponds in Support of the First Day Motions (the "**Pons Affidavit**"); the Court having reviewed the Motion and having heard the statements of counsel in support of the relief requested in the Motion at the hearing before the Court (the "**Hearing**"); the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

CHI 57,037,752v2 3/6/2008

U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) notice of the Motion and the Hearing was sufficient under the circumstances; and (d) the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis pending entry of the Final Order.

2. Under the circumstances, the notice given by the Debtor of the Motion and the Interim Hearing constitutes due and sufficient notice thereof.

3. Pending further order of the Court, all Utility Companies are: (i) prohibited from discontinuing, altering or refusing services to the Debtor on account of the commencement of this chapter 11 case or any unpaid pre-petition charges; (ii) prohibited from discriminating against the Debtor, or requiring payment of a security deposit or receipt of any other security from the Debtor for continued service, as a result of the Debtor's commencement of this case or any outstanding pre-petition invoices; and (iii) deemed to have received adequate assurance of payment in compliance with section 366 of the Bankruptcy Code.

4. Within five business days of the entry of this Order, the Debtor shall provide a deposit to each Utility Company equal to two weeks of such Utility Company's service, calculated as a historical average over the past twelve months, as interim adequate assurance; *provided* that such Utility Company does not already hold a pre-petition deposit equal to or greater than two weeks of such Utility Company's utility services provided to the Debtor; and *provided further* that such Utility Company is not currently paid in advance for its services.

5. The Adequate Assurance Procedures for determining requests for additional assurance of payment as described in the Motion are approved on an interim basis as follows:

(a)  Absent any further order of the Court and except as otherwise provided herein, Utility Companies shall not alter, refuse or discontinue service to, or discriminate against, the Debtor on account of the commencement of this case or any unpaid pre-petition charges, and also shall not require payment of a deposit or receipt of other security in connection with any unpaid pre-petition charges;

(b)  The Debtor shall serve the Motion and this Interim Order via first class mail within five business days after its entry on each of the Utility Companies identified on **Exhibit A** attached to the Motion. In the event that any Utility Company inadvertently has been omitted from Exhibit A, the Debtor, upon discovery of such omission, may file with the Court an amended Exhibit A (the "**Amended Exhibit**") adding the name of each inadvertently omitted and subsequently discovered Utility Company (the "**Added Utility Companies**"), and promptly serve on each Added Utility Company the Motion, the Amended Exhibit and the Interim Order or, if it has been entered, the Final Order (each such service, a "**Supplemental Service**");

(c)  Any Utility Company may submit a request for additional assurance of payment (an "**Additional Payment Request**") by submitting the request to counsel to the Debtor, Greenberg Traurig, LLP, 77 West Wacker Drive, Suite 2500, Chicago, Illinois 60601, Attention: David W. Baddley, Esq.;

(d)  Any Additional Payment Request must be in writing and: (i) set forth the location for which utility services are provided; (ii) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits or other prepayments or assurances previously provided by the Debtor; (iii) describe in sufficient detail the reason(s) why the treatment afforded pursuant to the procedures set forth herein do not constitute satisfactory adequate assurance of payment; and (iv) include a proposal for what treatment would constitute adequate assurance of payment from the Debtor along with an explanation of why such proposal is reasonable;

(e)  If a Utility Company makes an Additional Payment Request that the Debtor believes is reasonable, the Debtor is authorized to comply, in its sole discretion, with such request without further order of the Court;

(f)  If the Debtor believes that a Utility Company's Additional Payment Request is unreasonable, the Debtor shall within 30 days after the submission of the Additional Payment Request, file a

motion pursuant to section 366(c)(2) of the Bankruptcy Code, seeking a determination from the Court that the Adequate Assurance Deposit, plus any additional consideration offered by the Debtor, constitutes adequate assurance of payment (the "**Determination Hearing**") to determine whether additional assurance of payment to such Utility Company is necessary;

(g) Pending resolution of a Utility Company's Additional Payment Request at a Determination Hearing, such Utility Company shall be prohibited from altering, refusing or discontinuing service to the Debtor or discriminating against the Debtor on account of the commencement of this chapter 11 case or any unpaid pre-petition charges;

(h) Based on the establishment of the Proposed Adequate Assurance, a Utility Company shall be deemed to have adequate assurance of payment unless and until a future order of the Court is entered requiring further assurance of payment.

6. Within five business days of entry of this Interim Order, the Debtor shall serve the Motion and this Interim Order via first class mail on the Utility Companies, parties that the Debtor believes could be affected by the Motion, and on all other parties required to receive service under Rule 2002 of the Bankruptcy Rules.

7. The deadline by which objection to the Motion must be filed and served is March 25, 2008, at ~~(prevailing Central time)~~. A final hearing, if required, on the Motion will be held on March 27, 2008, at 9:30 a.m. (prevailing Central time). If no objections are filed to the Motion, this Court may enter a final order on the Motion without further notice or hearing.

8. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

9. Notwithstanding the relief granted herein and any action taken pursuant hereto, nothing herein shall be deemed: (i) an admission as to the validity of any claim against the Debtor; (ii) a waiver of the Debtor's rights to dispute any claim on any grounds; (iii) a promise

Case 08-04588    Doc 23    Filed 03/13/08    Entered 03/14/08 09:54:01    Desc Main
Document    Page 5 of 5

08-04588:9.2:Motion to Approve:Proposed Order Proposed Interim Order Entered: 3/6/2008 11:39:49 AM by:David Baddley Page 5 of 6

or requirement to pay any claim; (iv) an implication or admission that any particular claims is of a type specified or defined hereunder; (v) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code; or (vi) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable law.

10. Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person.

11. The terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Interim Order.

Dated: **MAR 1 3 2008**

_____
The Honorable John H. Squires
United States Bankruptcy Judge