## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JMY LLC, | ) | Case No. 08-4588 |
| Debtor. | ) | |
| | ) | The Honorable John H. Squires |

### SECOND INTERIM ORDER AUTHORIZING THE USE OF CASH COLLATERAL

Upon the motion (the "**Motion**")[1] filed by the above-captioned debtor and debtor-in-possession (the "**Debtor**") for entry of an order pursuant to sections 361 and 363(c) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"): (a) authorizing the use of cash collateral, (b) deeming pre-petition secured parties adequately protected, and (c) providing additional relief required in order to effectuate the foregoing; and upon the Affidavit of Frank Pons in Support of First Day Motions and Applications (the "**Pons Affidavit**"); the Court having reviewed the Motion and having heard the statements of counsel in support of the relief requested in the Motion at the hearing before the Court on March 13, 2008 (the "**Hearing**"); the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and (c) notice of the Motion and the Hearing was sufficient under the circumstances.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**IT HEREBY IS FOUND AND DETERMINED THAT:**

1. In the absence of the requested relief, the Debtor's business would be immediately and irreparably harmed.

2. The Lenders consent to the Debtor's use of Cash Collateral pursuant to the terms of this Order.

3. The notice given by the Debtor of the Motion and the Hearing constitutes due and sufficient notice thereof and complies with Bankruptcy Rules 4001 and 9014 and Local Bankruptcy Rules 4001-2.

**IT IS HEREBY ORDERED THAT:**

1. The Debtor is authorized to use Cash Collateral in accordance with the Budget (subject to a 10% variance on an aggregate, carry-forward basis) until the ~~entry of an Order following~~ *date of* the Final Hearing (defined below), *provided that the Debtor shall segregate all management fees pending the Final Hearing.*

2. The Debtor shall maintain the Cash Collateral in a segregated account. At the Final Hearing (defined below), *and every two (2) weeks beginning from the date of this Order,* the Debtor shall provide the Lenders with an updated Budget showing actual receipts and expenditures, and variances from budgeted amounts.

3. Any party that is in possession of Cash Collateral is authorized and directed to cooperate with respect to the Debtor's use of Cash Collateral.

4. Nothing in this Order shall constitute a determination as to: (a) the adequate protection of the Lenders' interests in the Cash Collateral or any other collateral; or (b) any issues related thereto.

5. This Order does not affect the Lenders' liens and security interests. Nothing in this Order shall constitute a determination as to the nature, validity or priority of any claims, liens,

security interests or other rights of the Lenders, and the Debtor and the Lenders shall reserve all of their rights with respect to any claims, liens, security interests and other rights asserted in connection with the First Mortgage Loan, First Mortgage Documents, Second Mortgage Loan or Second Mortgage Documents.

6. Nothing in this Order will be binding upon or in any subsequent orders.

7. The Court shall hold a final hearing on the Motion on _April 23_, 2008 at _10:00_ a.m./p.m. (the "**Final Hearing**"). The Lenders reserve all rights at the Final Hearing with respect to the Motion.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the interpretation or implementation of this Order.

Dated: MAR 20 2008

_____
Honorable John H. Squires

3

CHI 57,121,339v1 3/19/2008