## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JMY LLC, | ) | Case No. 08-4588 |
| | ) | |
| Debtor. | ) | The Honorable John H. Squires |
| | ) | |

### FINAL ORDER (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE, (II) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT

Upon the motion (the "**Motion**")[1] filed by the above-captioned debtor and debtor-in-possession (the "**Debtor**") for entry of a final order (the "**Final Order**") pursuant to sections 105(a) and 366 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"): (i) prohibiting the utility companies listed on Exhibit A to the Motion (the "**Utility Companies**") from altering, refusing or discontinuing services to, or discriminating against, the Debtor on account of pre-petition invoices; (ii) deeming the Utility Companies to be adequately assured of payment on the basis of the Proposed Adequate Assurance; and (iii) establishing procedures for resolving requests for additional assurance of payment; and upon the Affidavit of Frank Pons in Support of First Day Motions and Applications (the "**Pons Affidavit**"); the Court having reviewed the Motion and having heard the statements of counsel in support of the relief requested in the Motion at the final hearing before the Court (the "**Final Hearing**"): the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) notice of the Motion and the Final Hearing was sufficient under the circumstances; and (d) the Court having determined that the legal and factual bases set forth in the Motion and at the Final Hearing establish just cause for the relief granted herein,

**IT IS HEREBY ORDERED THAT:**

1.  The Motion is Granted.

2.  Under the circumstances, the notice given by the Debtor of the Motion and the Final Hearing constitutes due and sufficient notice thereof.

3.  Absent any further order of this Court, and except as set forth otherwise herein, all Utility Companies are (i) prohibited from discontinuing, altering or refusing services to the Debtor on account of the commencement of this case or any unpaid pre-petition charges, and (ii) prohibited from discriminating against the Debtor, or requiring payment of a security deposit or receipt of any other security from the Debtor for continued service, as a result of the Debtor's commencement of this case or any outstanding pre-petition invoices.

4.  The Debtor is deemed to have furnished the Utility Companies with adequate assurance of payment in compliance with section 366 of the Bankruptcy Code for post-petition services by virtue of the Proposed Adequate Assurance, including: (i) the Adequate Assurance Deposits; (ii) any pre-petition deposits or advance payments paid to the Utility Companies; and (iii) the Debtor's ability to pay for future services in the ordinary course of business.

5.  Any Utility Company that has accepted an Adequate Assurance Deposit shall return the Adequate Assurance Deposit to the Debtor within 15 days of the effective date of any confirmed chapter 11 plan.

6. The Adequate Assurance Procedures for determining requests for additional assurance of payment as described in the Motion are approved on a final basis as follows:

(a) Absent any further order of the Court and except as otherwise provided herein, Utility Companies shall not alter, refuse or discontinue service to, or discriminate against, the Debtor on account of the commencement of this case or any unpaid pre-petition charges, and also shall not require payment of a deposit or receipt of other security in connection with any unpaid pre-petition charges;

(b) The Debtor shall serve the Motion and this Final Order via first class mail within five business days after its entry on each of the Utility Companies identified on **Exhibit A** attached to the Motion. In the event that any Utility Company inadvertently has been omitted from Exhibit A, the Debtor, upon discovery of such omission, may file with the Court an amended Exhibit A (the "**Amended Exhibit**") adding the name of each inadvertently omitted and subsequently discovered Utility Company (the "**Added Utility Companies**"), and promptly serve on each Added Utility Company the Motion, the Amended Exhibit and this Final Order (each such service, a "**Supplemental Service**");

(c) Any Utility Company may submit a request for additional assurance of payment (an "**Additional Payment Request**") by submitting the request to counsel to the Debtor, Greenberg Traurig, LLP, 77 West Wacker Drive, Suite 2500, Chicago, Illinois 60601, Attention: David W. Baddley, Esq.;

(d) Any Additional Payment Request must be in writing and: (i) set forth the location for which utility services are provided; (ii) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits or other prepayments or assurances previously provided by the Debtor; (iii) describe in sufficient detail the reason(s) why the treatment afforded pursuant to the procedures set forth herein do not constitute satisfactory adequate assurance of payment; and (iv) include a proposal for what treatment would constitute adequate assurance of payment from the Debtor along with an explanation of why such proposal is reasonable;

(e) If a Utility Company makes an Additional Payment Request that the Debtor believes is reasonable, the Debtor is authorized to comply, in its sole discretion, with such request without further order of the Court;

(f) If the Debtor believes that a Utility Company's Additional Payment Request is unreasonable, the Debtor shall within 30 days after the submission of the Additional Payment Request, file a motion pursuant to section 366(c)(2) of the Bankruptcy Code, seeking a determination from the Court that the Adequate Assurance Deposit, plus any additional consideration offered by the Debtor, constitutes adequate assurance of payment (the "**Determination Hearing**") to determine whether additional assurance of payment to such Utility Company is necessary;

(g) Pending resolution of a Utility Company's Additional Payment Request at a Determination Hearing, such Utility Company shall be prohibited from altering, refusing or discontinuing service to the Debtor or discriminating against the Debtor on account of the commencement of this chapter 11 case or any unpaid pre-petition charges;

(h) Based on the establishment of the Proposed Adequate Assurance, a Utility Company shall be deemed to have adequate assurance of payment unless and until a future order of the Court is entered requiring further assurance of payment.

7. The Debtor is authorized, in its sole discretion, to amend the list of Utility Companies attached as Exhibit A to the Motion to add or delete any Utility Company.

8. Nothing herein or on Exhibit A to the Motion constitutes a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code.

9. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Final Order.

10. Notwithstanding the relief granted herein and any action taken pursuant hereto, nothing herein shall be deemed: (i) an admission as to the validity of any claim against the Debtor; (ii) a waiver of the Debtor's right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claims is of a type specified or defined hereunder; (v) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code; or (vi) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable law.

11.   Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person.

12.   The terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

13.   This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: __MAR 2 7 2008__

_____
Honorable John H. Squires
United States Bankruptcy Judge