IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JMY LLC, | ) | Case No. 08-4588 |
| Debtor. | ) | |
| | ) | The Honorable John H. Squires |

## FOURTH INTERIM ORDER AUTHORIZING THE USE OF CASH COLLATERAL

Upon the motion (Docket No 7, the "**Motion**")[1] filed by the above-captioned debtor and debtor-in-possession (the "**Debtor**") for entry of an order pursuant to sections 361 and 363(c) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"): (a) authorizing the use of cash collateral, (b) deeming pre-petition secured parties adequately protected, and (c) providing additional relief required in order to effectuate the foregoing; and upon the Affidavit of Frank Pons in Support of First Day Motions and Applications (the "**Pons Affidavit**"); the Court having reviewed the Motion and the objections to the Motion filed by Dougherty Funding LLC (Docket No. 57) and Forman Financial of Sheridan LLC (Docket No. 62) (together, the "**Lenders**"), and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and (c) notice of the Motion was sufficient under the circumstances; and the Lenders having consented to the entry of this Order;

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**IT HEREBY IS FOUND AND DETERMINED THAT:**

1. In the absence of the requested relief, the Debtor's business would be immediately and irreparably harmed.

2. The Debtor is authorized to use Cash Collateral as set forth herein pursuant to section 363(c) of the Bankruptcy Code.

3. The notice given by the Debtor of the Motion constitutes due and sufficient notice thereof and complies with Bankruptcy Rules 4001 and 9014 and Local Bankruptcy Rules 4001-2.

**IT IS HEREBY ORDERED THAT:**

1. The Debtor is authorized to use Cash Collateral in accordance with the Budget (subject to a 10% variance on an aggregate, carry-forward basis) until and through the conclusion of the Final Hearing (defined below), provided that the Debtor shall segregate all management fees pending allowance at a future hearing.

2. The Debtor shall maintain the Cash Collateral in a segregated account. Every two weeks and one day prior to the Final Hearing, the Debtor shall provide the Lenders with an updated Budget showing actual receipts and expenditures, and variances from budgeted amounts.

3. Any party that is in possession of Cash Collateral is authorized and directed to cooperate with respect to the Debtor's use of Cash Collateral.

4. This Order does not affect the Lenders' liens and security interests. Nothing in this Order shall constitute a determination as to the nature, validity or priority of any claims, liens, security interests or other rights of the Lenders, and the Debtor and the Lenders shall reserve all of their rights with respect to any claims, liens, security interests and other rights asserted in

connection with the First Mortgage Loan, First Mortgage Documents, Second Mortgage Loan or Second Mortgage Documents.

    5.    Nothing in this Order will be binding upon or in any subsequent orders.

    6.    The Court shall hold the final hearing on the Motion on June 3, 2008 at 1:00 p.m. and on June 5, 2008 at 1:00 p.m. (the **"Final Hearing"**). The Lenders reserve all rights at the Final Hearing with respect to the Motion.

    7.    The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the interpretation or implementation of this Order.

Dated: May ___, 2008

                                                   Honorable John H. Squires