IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JMY LLC, | ) | Case No. 08-4588 |
| Debtor. | ) | |
| | ) | The Honorable John H. Squires |
| | ) | |
| | ) | Hearing Date: July 21, 2008 |
| | ) | at 10:00 a.m. |

## SEVENTH INTERIM ORDER AUTHORIZING THE USE OF CASH COLLATERAL

Upon the motion (Docket No 7, the "**Motion**")[1] filed by the above-captioned debtor and debtor-in-possession (the "**Debtor**") for entry of an order pursuant to sections 361 and 363(c) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"): (a) authorizing the use of cash collateral, (b) deeming pre-petition secured parties adequately protected, and (c) providing additional relief required in order to effectuate the foregoing; the Court having reviewed the Motion and the objections to the Motion filed by Dougherty Funding LLC (Docket No. 57) and Forman Financial of Sheridan LLC (Docket No. 62) (together, the "**Lenders**"), and having heard at the hearing before the Court on July 21, 2008 (the "**Hearing**") the statements of counsel in support of entry of this Sixth Interim Order; the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and (c) notice of the Motion and the Hearing was sufficient under the circumstances.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**IT HEREBY IS FOUND AND DETERMINED THAT:**

1. The Debtor is authorized to use Cash Collateral as set forth herein pursuant to section 363(c) of the Bankruptcy Code.

2. The notice given by the Debtor of the Motion and the Hearing constitutes due and sufficient notice thereof and complies with Bankruptcy Rules 4001 and 9014 and Local Bankruptcy Rules 4001-2.

**IT IS HEREBY ORDERED THAT:**

1. The Debtor is authorized to use Cash Collateral in accordance with the budget attached hereto (subject to a 10% variance on an aggregate, carry-forward basis) until and through the conclusion of the Final Hearing (defined below); *provided, however*, that the authority to use Cash Collateral shall terminate unless (A) the Debtor shall have filed a consensual first amended plan of reorganization and disclosure statement on or before July 28, 2008, (B) the Court shall have scheduled a combined hearing on the adequacy of the disclosure statement and confirmation of said plan on or before September 8, 2008. Should the conditions set forth in (A) and (B) not be met for any reason whatsoever, with or without cause, the Debtor's authority to use Cash Collateral shall cease without any further act or order of the Court.

2. The Debtor shall maintain the Cash Collateral in a segregated account. Continuing every two (2) weeks as provided in the Second Interim Order, the Debtor shall provide the Lenders with an updated Budget showing actual receipts and expenditures, and variances from budgeted amounts. The Debtor shall have authority to pay Millennium from amounts allocated for payment of management fees in the attached budget. Under no circumstances shall any amounts be paid to Fremont Sheridan Properties or any related or associated individual or entity.

3. This Order does not affect the Lenders' liens and security interests. Nothing in this Order shall constitute a determination as to the nature, validity or priority of any claims, liens, security interests or other rights of the Lenders, and the Debtor and the Lenders shall reserve all of their rights with respect to any claims, liens, security interests and other rights asserted in connection with the First Mortgage Loan, First Mortgage Documents, Second Mortgage Loan or Second Mortgage Documents.

4. Nothing in this Order will be binding upon or in any subsequent orders. Nothing in this Order affects the terms of the Stipulated Order, which is in full force and effect.

5. The Court shall hold a status hearing on the Motion on ~~August~~ July 31, 2008 at 9:30 A.m., and a final hearing on the Motion on September 11, 2008 at 10:00 A.m. (the "Final Hearing"). The Lenders reserve all rights at the Final Hearing with respect to the Motion.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the interpretation or implementation of this Order.

Dated: July 21, 2008

_____
Honorable John H. Squires

JUL 21 2008

3

# JMY LLC - Sheridan Beach Apartments
## 7645 N Sheridan Road, Chicago, IL
### 10-Week Projection - Budget

| | Week 1 06/29/08 | Week 2 07/06/08 | Week 3 07/13/08 | Week 4 06/22/08 | Week 5 07/06/08 | Week 6 07/13/08 | Week 7 07/13/08 | Week 8 07/27/08 | Week 9 08/01/08 | Week 10 08/10/08 | 10-Week Total 06/29-08/08 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **CASH - BEGINNING BALANCE** | $ 3,100 | $ 7,455 | $ 6,236 | $ 5,885 | $ 4,089 | $ 1,071 | $ 8,860 | $ 13,573 | $ 8,166 | $ 12,616 | $ 3,100 |
| **INCOME** | | | | | | | | | | | |
| Rental Income | 5,348 | 10,696 | 5,348 | - | 6,792 | 13,584 | 6,792 | | 8,597 | 17,194 | 74,351 |
| Other Income (Laundry) | 115 | 115 | 115 | 115 | 575 | | | | 720 | | 1,754 |
| **TOTAL INCOME** | 5,463 | 10,811 | 5,463 | 115 | 7,367 | 13,584 | 6,792 | | 9,317 | 17,194 | 76,105 |
| **OPERATING EXPENSES** | | | | | | | | | | | |
| Repairs and Maintenance | 430 | 2,500 | 430 | 430 | 430 | 2,500 | 430 | 430 | 430 | 430 | 8,440 |
| Contract Services (Trash & Pest Control) | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 1,200 |
| General and Administrative | | 250 | | | 500 | | 250 | | 500 | | 1,500 |
| Leasing and Marketing | | 1,600 | | 195 | | | | 195 | | | 6,790 |
| Utilities (Phone, Gas, Electric & Water) | | 5,000 | 600 | | 3,000 | 2,400 | 600 | 1,800 | 1,500 | 2,400 | 12,500 |
| Utility Deposits | | | | | | | | | | | - |
| Property Mgmt Fees (5%) & Expenses | 3,721 | 642 | 321 | 1,216 | 3,808 | 815 | 408 | 870 | 3,916 | 1,032 | 16,747 |
| Real Estate Taxes | | | | | | | | | | | - |
| Insurance (Property & GL) | 4,127 | | 231 | | 2,478 | | 231 | | | 2,478 | 9,545 |
| Tenant Refunds | | | | | | | | | | | - |
| U.S. Trustee Fees | | | | | | | | | | 975 | 875 |
| **TOTAL OPERATING EXPENSES** | $ 8,398 | $ 10,112 | $ 4,702 | $ 1,961 | $ 10,336 | $ 5,835 | $ 2,039 | $ 3,415 | $ 7,441 | $ 6,460 | $ 57,587 |
| **CASH FLOW FROM OPERATIONS** | $ (2,935) | $ 699 | $ 761 | $ (1,847) | $ (2,969) | $ 7,749 | $ 4,754 | $ (3,415) | $ 1,877 | $ 10,734 | $ 18,508 |
| **CASH - ENDING BALANCE** | $ 165 | $ 8,155 | $ 6,996 | $ 4,038 | $ 1,071 | $ 8,120 | $ 13,573 | $ 10,158 | $ 12,036 | $ 22,769 | $ 22,769 |