# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **IN RE**: | ) | Chapter 11 |
| | ) | Bankruptcy No. 08 B 04588 |
| **JMY LLC**, | ) | |
| | ) | Judge John H. Squires |
| Debtor. | ) | |
| | ) | **Hearing Date: December 18, 2008** |
| | ) | **at 10:00 a.m.** |

## NOTICE OF MOTION OF THE DEBTOR FOR ENTRY
## OF A FINAL DECREE AND TO SHORTEN NOTICE THEREOF

To:  See Certificate of Service

    **PLEASE TAKE NOTICE** that on Thursday, December 18, 2008 at 10:00 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable John H. Squires in Courtroom 680 of the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604, and then and there present the **Motion of the Debtor for Entry of a Final Decree and to Shorten Notice Thereof**, a copy of which is attached hereto and hereby served upon you.

                                          Steve Jakubowski (ARDC NO. 6191960)
                                          Elizabeth E. Richert (ARDC NO. 6275764)
                                          COLEMAN LAW FIRM
                                          77 West Wacker Drive, Suite 4800
                                          Chicago, Illinois 60601
                                          Telephone: (312) 444-1000
                                          Facsimile: (312) 444-1028

## CERTIFICATE OF SERVICE

      I, Elizabeth Richert, hereby certify that I caused a copy of the foregoing **Motion of the Debtor for Entry of a Final Decree and to Shorten Notice Thereof**, to be served upon the parties listed on the attached Service List by email (unless otherwise indicated) on December 4, 2008. Other parties will receive electronic notice upon filing on this Court's ECF System.

                                                                                   /s/ Elizabeth Richert

| | |
|---|---|
| William T. Neary<br>Office of the U.S. Trustee, Region 11<br>227 West Monroe Street<br>Suite 3350<br>Chicago, Illinois  60606<br>Telephone:  (312) 886-5785<br>Facsimile:  (312) 886-5794<br>(Served Via Facsimile) | Christopher A. Camardello<br>Winthrop & Weinstine, P.A.<br>225 South Sixth Street<br>Suite 3500<br>Minneapolis, MN  55402-4629<br>Telephone:  (612) 604-6649<br>Facsimile:  (612) 604-6800-<br>Email:  ccamardello@winthrop.com |
| Richard Fimoff<br>Robins Salomon & Patt, Ltd.<br>25 E. Washington, Suite 1000<br>Chicago, IL 60602<br>Telephone: 312 456 0185<br>Facsimile: 312 782 6690<br>email: rfimoff@rsplaw.com | Justin M. Penn<br>Hinshaw Culbertson, LLP<br>222 North LaSalle Street<br>Suite 300<br>Chicago, Illinois  60601<br>Telephone:  (312) 704-3000<br>Facsimile:  (312) 704-3001<br>Email: Jpenn@hinshawlaw.com |
| Rosanne Ciambrone<br>Richard P. Darke<br>Duane Morris LLP<br>190 South LaSalle Street, Suite 3700<br>Chicago, Illinois  60603<br>Phone: (312) 499-6700<br>Fax: (312) 499-6701<br>RPDarke@duanemorris.com<br>RCiambrone@duanemorris.com | Timothy J. Patenode<br>Michael Summerhill<br>Katten Muchin Rosenman LLP<br>525 West Monroe Street<br>Chicago, Illinois  60661-3693<br>Telephone:  (312) 902-5200<br>Facsimile:  (312) 902-1061<br>Email:  timothy.patenode@kattenlaw.com |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **JMY, LLC,** | ) | **Case No. 08 B 4588** |
| | ) | **Hon. John H. Squires** |
| **Debtor.** | ) | |
| | ) | **Hearing Date: December 18, 2008** |
| | ) | **at 10:00 a.m.** |

**DEBTOR'S MOTION FOR ENTRY
OF A FINAL DECREE AND TO SHORTEN NOTICE THEREOF**

JMY, LLC (the "Debtor" or "JMY") submits this motion (the "Motion") for entry of a final decree and to shorten notice thereof. In support of this Motion, the Debtor respectfully states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). Venue for this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are section 350(a) of the United States Bankruptcy Code (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 3022 and 9006(c)(1).

**Background**

3. On February 28, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. No trustee, examiner, or creditor's committee was appointed in this case.

4. On December 2, 2008, the Debtor filed JMY, LLC's Fourth Amended Chapter 11 Plan of Reorganization (the "Plan"). On December 3, 2008, the Bankruptcy Court entered

the Findings of Fact, Conclusions of Law, and Order Confirming the Debtor's Plan of Reorganization (the "Confirmation Order" and together with the Plan, the "Confirmed Plan").[1] The Effective Date of the Confirmed Plan is set to occur on the 10th business day after the Property Sale Closing Date. This Motion is conditioned on the occurrence of the Effective Date.

5.      The Confirmed Plan contemplates the sale of the Subject Property to Skyline Holdings Group, LLC for the gross purchase price of $5,700,000.00. The Property Sale Closing Date is set for December 11, 2008 (the "Closing Date").

6.      All payments to allowed secured claims will be made after the Closing Date from the Property Sale Proceeds deposited in the Property Sale Proceeds Escrow Account. Pursuant to the Confirmed Plan, unsecured creditors will not receive a distribution and there are no allowed tax claims or priority unsecured claims. Class A Member Interests shall retain their Existing Class A Member Interests and Existing Class B Member Interests shall receive no distribution on account of their Interests and such Interests shall be cancelled on the Effective Date.

**The Bankruptcy Court Should Enter a Final Decree Closing the Debtor's Case**

7.      Section 350(a) of the Bankruptcy Code provides in relevant part that "after an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. §350(a).

8.      The following is a list of non-exclusive factors or events that courts often consider when determining whether to close a chapter 11 case: (a) whether deposits required by the plan have been distributed; (b) whether the property proposed by the plan to be

---

[1]     All capitalized terms used but not defined herein shall have the meanings given to them in the Confirmed Plan.

2

transferred has been transferred; (c) whether the debtor or the successor of the debtor under the plan has assumed the business or management of the property dealt with by the plan; (d) whether payments under the plan have commenced; (e) whether the order confirming the plan has become final; and (f) whether all motions, contested matters, and adversary proceedings have been finally resolved. *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 541 (Bankr. E.D.N.Y. 1999).

9.  Assuming that the sale occurs and the Plan becomes effective, the Debtor will have substantially consummated the Plan, Dougherty will have been paid at the Property Sale Closing, and the remaining proceeds will have been deposited in the Property Sale Proceeds Escrow Account. All expenses arising from the administration of this estate will be paid from Cash Collateral or from the Property Sale Proceeds (including counsel, who will be paid pursuant to the Final Fee application filed contemporaneously herewith). All motions, contested matters, and other proceedings, other than this Motion and the Debtor's Counsel's Final Fee Application, have been resolved.

10. While Diversified Real Estate Capital-Sheridan Argyle LLC and Diversified Real Estate Capital, LLC (together "Diversified") have a state court suit pending against the Debtor in the Circuit Court of Cook County, it is not necessary for this case to remain open in this Court pending the resolution of the state court litigation, as the results of that litigation will determine Classes IB and IC's respective rights to the remaining sale proceeds in the Property Sale Proceeds Escrow Account.

11. It is unnecessary to burden the Court's docket or to require the Debtor to pay administration fees while the state court litigation is pending to resolve the final distributions

3

from the Property Sale Proceeds Escrow Account to Class IB and IC claimants. Therefore, it is appropriate for the Court to enter a final decree closing this case.

## The Bankruptcy Court Should Limit Notice of the Motion

12. Pursuant to Bankruptcy Rule 9006(c)(1), the Debtor requests the Court's approval of an order shortening the length of time required for notice of the Motion to enable the Court to close this chapter 11 proceeding before the end of the calendar year, thereby saving the estate additional administrative burdens.

13. Given the nature of the relief requested in the Motion, and the prior notice to and expected consent by the Debtor's secured creditors, the Debtor respectfully submits that the notice described below is sufficient to provide parties in interest affected by the Plan an opportunity to review and, if necessary, respond to the Motion. Under the circumstances, the Debtor submits that shortening the length of time required for notice of the Motion will not prejudice the rights of any party in interest.

## Notice

14. Notice of this Motion has been given to (a) the United States Trustee; (b) counsel to the Debtor's prepetition secured lenders; and (c) those parties that requested notice pursuant to Bankruptcy Rule 2002. Given that no other parties are receiving distributions or have participated at all in the case or the plan confirmation process, sending other parties notice of this Motion is an unnecessary administrative burden to the estate.

WHEREFORE, the Debtor respectfully requests that this Court enter an order (i) entering a final decree closing this chapter 11 case, (ii) shortening the length of time required for notice of the Motion, and (iii) granting such other relief as is necessary and proper.

4

Dated: December 4, 2008          Respectfully Submitted,

JMY, LLC

   /s/ Steve Jakubowski_____
One of Its Attorneys

Steve Jakubowski (ARDC NO. 6191960)
Elizabeth E. Richert (ARDC NO. 6275764)
COLEMAN LAW FIRM
77 West Wacker Drive, Suite 4800
Chicago, Illinois 60601
Telephone: 312-444-1000
Fax: 312-444-1028

5